■ MARIJANE LUCCI, Respondent, v ROBERT J. LUCCI, Appellant, et al., Defendants.—In an action for a divorce and

ancillary relief, the defendant husband Robert Lucci appeals from so much of an order of the Supreme Court, Westchester County (Rubenfeld, J.), entered May 12, 1988, as denied that branch of his motion which was to disqualify the plaintiff wife's attorneys.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff and the defendant Lucci were married in 1975. The instant action was commenced by the plaintiff wife in April 1986. Throughout the plaintiff's prosecution of this action and in matrimonial proceedings in Florida, she has been represented by the same law firm. Her matrimonial affairs in Florida which included, *inter alia,* the procurement of an order of protection, were handled by one Frank Bennardo, who was associated with the firm's Florida office. In March 1988 the defendant Lucci moved, *inter alia,* for an order disqualifying the plaintiff's law firm.

In support of that branch of the motion which was to disqualify the plaintiff's law firm, the defendant Lucci alleged, *inter alia,* that Bennardo had represented him "back in the late 60's and early 70's", and that, in light of that past representation, the firm's present representation of the plaintiff created a conflict of interest. While there is some dispute in the record as to the nature and extent of Bennardo's prior representation of the defendant Lucci, it appears that Bennardo was involved, on Lucci's behalf, in the sale of certain of his assets, and in the formation of a corporation. Additionally, Bennardo was the attorney who represented the plaintiff and the defendant Lucci in the purchase of their Florida residence in 1982. The Supreme Court denied that branch of the motion which was to disqualify the plaintiff's law firm on the grounds that (1) there was no "substantial relationship" between Bennardo's past representation of the defendant Lucci and the current dispute between the plaintiff and the defendant Lucci and (2) the defendant Lucci waited until the case was called for trial before making his motion to disqualify the plaintiff's law firm.

The Code of Professional Responsibility generally proscribes the revelation or misuse by an attorney of the confidences of a former client *(see,* Code of Professional Responsibility Canon 4; DR 4-101 [B]). However, the defendant Lucci has not alleged any actual misuse by Bennardo or the plaintiff's law firm of any confidences related to the subject matter of instant matrimonial action *(see, Cardinale v Golinello,* 43 NY2d 288, 295-296). Moreover, the Domestic Relations Law requires financial

disclosure by the parties in a matrimonial action (Domestic Relations Law § 236 [B] [4]). Under the circumstances, the defendant Lucci's conflict of interest argument is without merit.

Further, the defendant Lucci's delay in bringing this application supports a finding that it was brought in bad faith, in order to delay proceedings or otherwise secure a tactical advantage over the plaintiff (see, Lopez v Precision Papers, 99 AD2d 507, 508).

We have examined the defendant Lucci's remaining arguments and find them to be without merit. Mangano, J. P., Brown, Eiber and Sullivan, JJ., concur.