(February 22, 1990)

■ H.H.B.K. 45TH STREET CORP., Appellant, v STANLEY E. STERN et al., Respondents.—

Supreme Court erred in granting the motion to disqualify plaintiff's counsel on the ground that two of the lawyers in the firm were involved in negotiations of the lease which plaintiff now seeks to have reformed. As to David Rosenberg, who represented plaintiff in the first of two sets of negotiations, the affirmation of Richard Abelson, former in-house counsel to respondent ICC Realty Corporation, establishes that these negotiations did not result in an agreement between the parties. Mr. Abelson states that "any discussion which concerned the aborted deal can have no relevance to the lease which was actually negotiated and executed by the parties." In September 1986, the parties renewed their discussions which led to execution of the lease that appellant now seeks to have reformed. Jeffrey Diamond of Summit, Rovins & Feldesman represented appellant during the second negotiations.

In June 1988, respondent commenced a nonpayment summary proceeding against appellant which sought a temporary restraining order and reformation of the percentage rental term in paragraph 37 (b) of the lease on the ground that it did not reflect the parties' true understanding. Mr. Abelson, re-

spondents' counsel, who by then had formed his own law firm, raised no objection to the fact that appellant was represented by Mr. Diamond of Summit, Rovins & Feldesman. Nor was such an objection raised by respondents' substitute counsel who replaced Mr. Abelson. Only in January 1989 did respondents' third set of attorneys seek to have Mr. Diamond, Mr. Rosenberg, and their new law firm of Marcus, Borg, Rosenberg & Diamond disqualified on the ground that the attorneys are potential witnesses.

It is particularly important to note the Court of Appeals admonition in *S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.* (69 NY2d 437, 443 [1987]) that disqualification of a law firm during litigation "implicates not only the ethics of the profession but also the substantive rights of the litigants" and that "in the context of an ongoing lawsuit, disqualification of a plaintiff's law firm can stall and derail the proceedings, redounding to the strategic advantage of one party over another". Given this danger, the Code of Professional Responsibility must not be "mechanically applied when disqualification is raised in litigation." *(Supra,* at 444.) The possibility that this motion was made merely to secure a tactical advantage over appellant is strongly suggested by the fact that it is made six months after the start of litigation and after respondents' two previous attorneys, who knew of Mr. Rosenberg's and Mr. Diamond's involvement with the transaction, did not seek to have these lawyers or their firm disqualified *(see, Lucci v Lucci,* 150 AD2d 650, 652 [2d Dept 1989]).

The Code of Professional Responsibility requires that an attorney withdraw from a trial if "it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client" (Code of Professional Responsibility DR 5-102 [A]). Whether an attorney "ought" to testify and, therefore, should withdraw from the litigation, is determined by whether the testimony is necessary and not merely by whether the attorney "has relevant knowledge or was involved in the transaction at issue." *(S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra,* at 445.) Appellant maintains that Mr. Diamond's testimony is not necessary and would be merely cumulative to the testimony of Franklin Levy, appellant's corporate officer who negotiated and executed the lease.

Given the papers herein, we can find no basis for the disqualification of Mr. Rosenberg, who was involved only in the early, unsuccessful negotiations. Nor has it been shown that Mr. Diamond's testimony is necessary to appellant's case, or that it would be harmful to appellant's case in the event

that he is called by respondents. Inasmuch as the action, by its nature, is one to be decided without the aid of a jury, we do not think the court will have difficulty according proper weight to an attorney's testimony should he be called by the opposing party. In view of the prejudice to appellant and the failure to show that counsel's testimony is necessary, we find that Supreme Court erred in granting the motion of disqualification. Concur—Murphy, P. J., Sullivan, Carro and Rosenberger, JJ.