■ NYK LINE (NORTH AMERICA) INC., Respondent, v MITSUBISHI BANK, LTD., Defendant, and AMERICAN MOTORISTS INSURANCE COMPANY, Intervenor-Appellant.—Order of the Supreme Court, New York County (William J. Davis, J.), entered on August 24, 1990, which, inter alia, granted the motion by plaintiff NYK Line (North America) Inc. to disqualify the law firm of Christy & Viener from acting as counsel of record for defendant-intervenor American Motorists Insurance Company, is unanimously reversed on the law to the extent appealed from and the motion denied, without costs or disbursements.

Plaintiff NYK Line (North America) Inc., a shipping company, commenced this action in an effort to enjoin payment by defendant The Mitsubishi Bank, Ltd. on its letter of credit in favor of defendant-intervenor American Motorists Insurance Company (Amico). Amico's right to draw on this instrument, to the extent that it exists at all, derives from its business dealings with NYK. Indeed, the underlying dispute herein is between NYK and Amico, and The Mitsubishi Bank is merely an incidental party. In that regard, it is plaintiff's contention that no valid obligation arose in connection with the letter of credit, and, therefore, Amico's attempt to obtain funds from the Bank is fraudulent. Amico, however, insists that it is entitled to draw on the letter of credit to collect attorneys' fees incurred on behalf of NYK in an unsuccessful prior related litigation against the United States Customs Service. Amico, which underwrites the surety bonds required by the Customs Service for shipping firms such as NYK, had instituted the federal action in apparent response to pressure by the Customs Service against NYK for its alleged violations of Customs' regulations and the attendant peril to Amico's license for its purported delinquency in paying outstanding claims. NYK was not a party to the federal lawsuit nor did it participate in any way in that proceeding.

The attorneys of record for Amico in the Court of International Trade were Russotti & Barrison, with Christy & Viener on the brief. On appeal to the Circuit Court, both firms were listed as being of record (American Motorists Ins. Co. v Villanueva, 706 F Supp 923, affd 880 F2d 409). Accordingly, plaintiff moved to disqualify Christy & Viener from representing Amico in the instant state litigation, arguing that the firm would be a crucial witness concerning Amico's claim that the federal action was brought for the benefit of NYK and that, in addition, since Christy & Viener asserts that it acted on behalf of NYK in the Customs proceeding, it is precluded from representing Amico against NYK in the present matter. The Supreme Court, in granting plaintiff's motion for disqualification, determined that "a substantial relationship does exist between the issues of this litigation and the subject matter of the prior litigation for, at the very least, the office records of C&V for which the law firm must vouch for, would be introduced into evidence in this litigation * * *. It is obvious that the law firm of C&V 'ought to be called as a witness' ".

Amico states that Christy & Viener took no part in initiating the customs proceeding or in the negotiations that preceded the commencement of that lawsuit and simply advised Russotti & Barrison until the former assumed primary responsibility for representing Amico on its appeal. Additionally, defendant-intervenor claims that Christy & Viener never functioned as NYK's attorney notwithstanding that NYK did, in fact, benefit from the firm's representation of Amico and that Christy & Viener never met, communicated with or had any contact with NYK or any of its agents. In any event, the law is settled that while the "right to counsel of choice is not absolute and may be overridden where necessary—for example, to protect a compelling public interest * * * it is a valued right and any restrictions must be carefully scrutinized" (S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 443). As explained by the Court of Appeals in S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp. (supra, at 443), "[d]isqualification of a law firm during litigation implicates not only the ethics of the profession but also the substantive rights of the litigants. Disqualification denies a party's right to representation by the attorney of its choice * * *. Moreover, we cannot ignore that where the Code of Professional Responsibility is invoked not in a disciplinary proceeding to punish a lawyer's own transgression, but in the context of an ongoing lawsuit, disqualification of a plaintiff's law firm can stall and derail the proceedings, redounding to

the strategic advantage of one party over another" *(see also, H.H.B.K. 45th St. Corp. v Stern,* 158 AD2d 395).

Since plaintiff is the party seeking the disqualification, it bears the burden on this motion *(S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra).* Certainly, the conclusory assertion by NYK that Christy & Viener will be needed as a witness is insufficient by itself to overcome the rule that strongly favors allowing a litigant to be represented by the counsel of choice *(see, Rowe v DeJesus,* 106 AD2d 284). Nor is there anything in the record to indicate that lawyers in the firm possess any material testimony with respect to the subject matter of the instant litigation, much less that their evidence is essential *(S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra; H.H.B.K. 45th St. Corp. v Stern, supra; Plotkin v Interco Dev. Corp.,* 137 AD2d 671). Christy & Viener's participation in the federal lawsuit was limited to an advisory role until the appeal, and the extent to which the federal lawsuit was brought on behalf of NYK is particularly within the knowledge of Amico, not Christy & Viener. The mere possibility that counsel might be called to testify has been held by the Court of Appeals to be inadequate to justify disqualification *(S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra).*

Further, the unsupported allegation that Amico pursued the federal action on plaintiff's behalf or to protect the latter's interests simply does not demonstrate the existence of a conflict of interest adequate to preclude Christy & Viener from representing Amico in the present case. In general, disqualification is warranted only where there is a reasonable probability of disclosure of confidential information obtained as a result of the prior representation *(Matter of Mann,* 111 AD2d 652; *see also, Greene v Greene,* 47 NY2d 447). Clearly, the basis for removing an attorney must be substantial and real, not speculative as it is in the situation herein. Finally, nothing contained in the New York State Code of Professional Responsibility *(see,* DR 5-101, 5-102, 5-103) requires that Christy & Viener be disqualified. Consequently, the Supreme Court was in error in granting plaintiff's motion. Concur—Milonas, J. P., Ellerin, Ross, Kassal and Rubin, JJ.