■ TIMOTHY MCKENNA, Appellant, v MARILYN MCKENNA, Respondent.—Order unanimously reversed on the law without costs and motion denied. Memorandum: The motion to disqualify plaintiff's attorney in this divorce action should have been denied. Defendant has failed to show that she had a

client-attorney relationship sufficient to warrant the disqualification. The attorney was hired by plaintiff, who owned 97 shares in a corporation, to perform legal work for the corporation. There is no indication that in performing this legal work the attorney had any contact with defendant. The fact that defendant owned three shares of the corporation for which the attorney performed the services did not make her a client of the attorney. The fact that the attorney, at the request of plaintiff, performed legal services in connection with the purchase of real property, title to which was taken in the names of both plaintiff and defendant, is not sufficient to require disqualification. There is no showing that defendant hired the attorney in connection with the purchase or that she had any contact with him in connection with its purchase. Thus, there is no showing of a reasonable probability that plaintiff's attorney will reveal any confidential information learned from defendant; the nature of the situation itself does not give rise to such an inference *(Greene v Greene,* 47 NY2d 447, 453; *Forbush v Forbush,* 107 AD2d 375, 379). (Appeal from Order of Supreme Court, Monroe County, Galloway, J.— Disqualify Attorney.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.