■ O'Donnell, Fox & Gartner, P. C., Appellant, et al., Plaintiff, v R-2000 Corporation et al., Defendants, and International Micro Optics, Ltd., et al., Respondents. O'Donnell, Fox & Gartner, P. C., Third-Party Plaintiff-Appellant, v Andrew Goodman et al., Third-Party Defendant-Respondent. [604 NYS2d 67] —Order, Supreme Court, New York County (Edward H. Lehner, J.), entered January 30, 1992, which, *inter alia,* denied plaintiff's motion seeking to disqualify the law firm of Rossner & Goodman ("the R & G firm") and third-party defendant Andrew Goodman ("Goodman") as counsel for defendants International Micro Optics, Ltd., Hickstech Corporation and Peter Sahagen ("defendants"), and order of the same court and Justice, entered September 3, 1992, which, *inter alia,* granted the motion by third-party defendants Goodman and the R & G firm to dismiss the third-party complaint as against the third-party defendants, unanimously affirmed, with costs.

Plaintiff, a New York law firm, commenced the underlying action against the defendants seeking to recover unpaid legal fees for services rendered by the plaintiff in connection with a contemplated, but ultimately unsuccessful, merger between defendants International Micro Optics, Ltd. and R-2000 Corporation.

The record reveals that the IAS Court properly dismissed, without an evidentiary hearing, the third-party complaint. It is well settled that bare legal conclusions and factual claims, which are either inherently incredible or flatly contradicted by documentary evidence, as in the case at bar, are not presumed to be true on a motion to dismiss for legal insufficiency *(Mark Hampton, Inc. v Bergreen,* 173 AD2d 220, *lv denied* 80 NY2d 788), and that when the moving party offers matter extrinsic to the pleadings, the court need not assume the truthfulness of the pleaded allegations, but rather is required to determine whether the opposing party actually has a cause of action or defense, not whether he has properly stated one *(Guggenheimer v Ginzburg,* 43 NY2d 268, 275). Here, the interpretation of the proxy and another agreement is a question of law for the court, and the terms thereof establish the rights of the parties and prevail over the conclusory allegations of the complaint *(see, 805 Third Ave. Co. v M.W. Realty Assocs.,* 58 NY2d 447, 451).

The IAS Court also properly denied, without an evidentiary hearing, the plaintiff's motion seeking to disqualify third-party defendants Goodman and the R & G firm from representing

the defendants in the underlying action. It is well established that there is "no rule requiring an evidentiary hearing in every case where disqualification may be imposed for attorney misconduct" *(Matter of Beiny,* 132 AD2d 190, 215, *lv dismissed* 71 NY2d 994); since the plaintiff, as the party seeking the disqualification, bears the burden of establishing that such a drastic remedy is warranted *(NYK Line v Mitsubishi Bank,* 171 AD2d 486, 488). Plaintiff's conclusory and speculative assertions of a potential conflict of interest are not sufficient *(S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp,* 69 NY2d 437, 443).

Finally, the IAS Court properly rejected plaintiff's contention, in seeking to disqualify third-party defendant Goodman as defendants' counsel, that Goodman's testimony will be required at trial, since it is well settled that a determination as to whether an attorney "ought to be called as a witness" (Code of Professional Responsibility DR 5-102 [A] [22 NYCRR 1200.21 (a)]), and therefore should be disqualified, is based upon whether the attorney's testimony is *"necessary" (supra,* at 445). The mere possibility that the attorney may be called to testify, as alleged by the plaintiff, is an inadequate excuse to justify disqualification *(NYK Line v Mitsubishi Bank, supra),* particularly where, as here, the testimony of third-party defendant Goodman would be merely cumulative to that of Jay Fox of the plaintiff's own law firm, who is available to testify as to those matters related to him by Goodman concerning the failed corporate merger *(H.H.B.K. 45th St. Corp. v Stern,* 158 AD2d 395, 396; *Plotkin v Interco Dev. Corp.,* 137 AD2d 671, 673-674).

We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Murphy, P. J., Carro, Ellerin and Nardelli, JJ.