■ JOHN STREET LEASEHOLD L. L. C., Appellant, v CHEMICAL BANK, Respondent. [669 NYS2d 572] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered September 23, 1996, which granted defendant's motion pursuant to CPLR 3211 (a) (1), (3), (5) and (7) to dismiss plaintiff's complaint, unanimously affirmed, with costs.

The Participation Agreement, executed by the various banking institutions participating in the subject syndicated loan, unequivocally provided that the initial determination as to a waiver of any term or condition of the loan, mortgage or commitment was to be made by the lead bank and then would be subject to ratification by a supermajority of the "aggregate face amount of outstanding participations". Plaintiff's attempt to vary the terms of the Participation Agreement, through enforcement of an oral agreement allegedly entered into by the parties' predecessors in interest, is barred by the parol evidence rule (Marine Midland Bank v Thurlow, 53 NY2d 381). Moreover, no cause of action for breach of the alleged oral agreement based upon defendant's "improper influence" may reasonably be inferred. This conclusion, sustainable upon the pleadings alone, is additionally supported by defendant's evidentiary submissions, which are properly considered on the present motion challenging legal sufficiency (see, O'Donnell, Fox & Gartner v R-2000 Corp., 198 AD2d 154), inasmuch as they flatly contradict plaintiff's conclusory allegations that defendant exerted influence over the lead bank with respect to the lead bank's determination to reject plaintiff's request for a waiver of the "call provision" of the mortgage. Furthermore, the nexus between plaintiff's damages and the alleged breach, even as pleaded, is tenuous at best.

We have reviewed plaintiff's other arguments and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Wallach and Rubin, JJ.