■ Doros & Brescia, P. C., et al., Appellants, v Farmington Casualty Company et al., Respondents. [734 NYS2d 143] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered July 17, 2000, which granted the motion of defendant Wagner, Davis & Gold, P. C. (Wagner) to dismiss the complaint as against it by reason of a defense based on documentary evidence and for failure to state a cause of action, and which granted the cross motion of defendants Farmington Casualty Company and Travelers Casualty & Surety Company for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Contrary to plaintiffs' assertions, Wagner did plead in the underlying landlord-tenant non-payment proceeding the affirmative defenses of actual and constructive eviction, and the Civil Court, upon reargument, reinstated the affirmative defense of constructive eviction. Plaintiffs have failed to allege any harm resulting from Wagner's failure to move to renew or reargue the original Civil Court motion resulting in a grant of possession to the landlord, since plaintiffs consented to Wagner's withdrawal as counsel and thereafter moved, themselves, to renew and reargue, which the Civil Court denied, other than reinstating the affirmative defense for constructive eviction, which it granted, based on its review of Wagner's original papers. Plaintiffs have not alleged that the time within which to appeal the original motion expired before Wagner withdrew as counsel.

Plaintiffs' current claim that they never would have retained Wagner to prosecute an action in Federal court under title III of the Americans with Disabilities Act had they known that they were limited thereunder to seeking injunctive relief and had no private cause of action pursuant to the statute for damages is contradicted by their own assertions that an injunction was the crucial relief needed, and that the failure to obtain it caused them to go out of business (*see, O'Donnell, Fox & Gartner v R-2000 Corp.*, 198 AD2d 154).

The IAS court properly dismissed plaintiffs' claims that they were duped into signing written retainer agreements which allegedly altered the terms of the prior oral agreement, since the written contracts were clear and unambiguous on their face and plaintiffs were a sophisticated law firm and principal thereof (*see, Daily News v Rockwell Intl. Corp.*, 256 AD2d 13, *lv denied* 93 NY2d 803). We have considered plaintiffs' remaining contentions against Wagner, including the firm's purported conflict of interest, and find them to be unavailing.

The IAS court properly granted defendant insurers' cross motion for summary judgment dismissing the complaint as against them, since plaintiffs never notified them of the alleged personal injury claim, and none of the other claims triggered defense or coverage under the applicable policies. Concur—Sullivan, P. J., Andrias, Wallach, Saxe and Marlow, JJ.