■ JILLIAN ROSE, Appellant, v THRIFTY RENT-A-CAR SYSTEM, INC., et al., Respondents. [758 NYS2d 823] —In a negligence action to recover damages for personal injuries, the plaintiff appeals, by permission, and as limited by her notices of appeal and brief, from so much of (1) an amended infant compromise order of the Supreme Court, Kings County (Demarest, J), dated February 14, 2001, as sua sponte disqualified Bernadette Panzella, Esq., from representing her, and (2) an order of the same court also dated February 14, 2001, as sua sponte disqualified Panzella and contained certain language regarding Panzella.

Ordered that the appeal from so much of the order dated February 14, 2001, as contained certain language regarding Bernadette Panzella, Esq., is dismissed, without costs or disbursements; and it is further,

Ordered that the infant's compromise order is reversed

insofar as appealed from, on the law, without costs or disbursements, and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, without costs or disbursements.

Although the disqualification of an attorney is a matter which rests within the sound discretion of the trial court (*see Boyd v Trent,* 287 AD2d 475 [2001]), a party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted (*see Dominguez v Community Health Plan of Suffolk,* 284 AD2d 294 [2001]; *Olmoz v Town of Fishkill,* 258 AD2d 447 [1999]). In the instant case, we find nothing in the record which warranted the disqualification of the plaintiff's counsel.

The remaining issues raised in the plaintiff's brief are not properly before this Court as the plaintiff was not aggrieved by the trial court's statements (*see Warm v State,* 265 AD2d 546 [1999]). Merely because the plaintiff's counsel finds certain language contained in the orders to be objectionable does not provide a basis for an appeal (*see Anspach v Miller Bluff's Constr. Corp.,* 280 AD2d 564 [2001]; *Port Auth. of N.Y. & N.J. v Evergreen Intl. Aviation,* 275 AD2d 358 [2000]). Florio, J.P., H. Miller, Adams and Mastro, JJ., concur.