■ Charles M. Tea, Jr., et al., Appellants, v Ronald D. Strom et al., Respondents. [773 NYS2d 322]—

Appeal from an order of the Supreme Court, Chautauqua County (Joseph Gerace, J.), entered December 2, 2002. The order, insofar as appealed from, granted defendants' motion in

part, dismissed the fourth cause of action and denied the cross motion of plaintiffs for admission of their son pro hac vice to serve as co-counsel.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the cross motion and as modified the order is affirmed with costs to plaintiffs.

Memorandum: Supreme Court abused its discretion in denying the cross motion of plaintiffs seeking to admit their son pro hac vice to serve as co-counsel in representing them, in conjunction with their present attorney. In support of the cross motion, plaintiffs' son submitted an affidavit in which he stated that he is admitted to the practice of law in the Commonwealth of Pennsylvania and is a member in good standing of the Pennsylvania bar. The court denied the cross motion "due to [the] possible personal involvement [of plaintiffs' son] in the matter and the possibility of a counter-claim [sic] or separate action against him by the defendants." Although defendants rely on the court's reference to the "possible personal involvement [of plaintiffs' son] in the matter" in support of their contention that the cross motion was properly denied, the record discloses no basis for any such "possible" involvement. In addition, at the time plaintiffs made the cross motion and the court issued its decision thereon, defendants had not filed any counterclaim or separate action. "The mere possibility that [plaintiffs' son would] be called to testify . . . is an inadequate excuse to justify disqualification" (O'Donnell, Fox & Gartner v R-2000 Corp., 198 AD2d 154, 155; see NYK Line [N. Am.] v Mitsubishi Bank, 171 AD2d 486, 487-488 [1991]; see generally 22 NYCRR 1200.21; S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 444-446 [1987]). In any event, we note that, although defendants filed counterclaims 10 days after entry of the order herein, the court subsequently dismissed the counterclaims with prejudice, upon the consent of the parties. Thus, even assuming, arguendo, that the subsequently filed counterclaims are relevant to our decision herein, we would nevertheless conclude that they do not support the court's denial of the cross motion. We therefore modify the order by granting plaintiffs' cross motion. Present—Pigott, Jr., P.J., Wisner, Hurlbutt, Kehoe and Lawton, JJ.