■ ARTHUR UNGER, Appellant, v JEANNE UNGER, Respondent. [790 NYS2d 176]—

In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Iannacci, J.), dated September 13, 2004, as granted that branch of the motion of the defendant wife which was to disqualify his attorney.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, and the branch of the motion which was to disqualify the plaintiff's attorney is denied.

The defendant failed to meet her burden of making a "clear showing" that the disqualification of the plaintiff's attorney is warranted in this case (*see Olmoz v Town of Fishkill,* 258 AD2d 447 [1999]; *Haberman v City of Long Beach,* 298 AD2d 497, 499 [2002]; *Eisenstadt v Eisenstadt,* 282 AD2d 570, 571 [2001]; *Messina v Messina,* 175 AD2d 866, 867 [1991]; *McKenna v McKenna,* 174 AD2d 1052 [1991]; *Shelton v Shelton,* 151 AD2d 659 [1989]; *Lucci v Lucci,* 150 AD2d 650 [1989]). The competent evidence in the record shows, without contradiction, that apart from one innocuous exchange of pleasantries in a restaurant, the defendant never communicated with the plaintiff's attorney. There is no competent proof that the plaintiff's attorney ever represented the defendant, as opposed to a corporation in which the defendant had an unspecified and apparently passive interest, and thus there is no reasonable basis upon which it might be surmised that the plaintiff's attorney ever acquired any confidential information from the defendant (*cf. Grover v Virdi,* 130 AD2d 710, 711 [1987]; *Mondello v Mondello,* 118 AD2d 549 [1986]).

The defendant's remaining contentions are without merit. H. Miller, J.P., Cozier, S. Miller and Fisher, JJ., concur.