■ Stephen Bentz, Appellant, v Jennifer Bentz, Respondent. [831 NYS2d 423]—

In an action for a divorce and ancillary relief, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Bivona, J.), dated April 13, 2006, as, sua sponte, disqualified his counsel.

Ordered that on the Court's own motion, the plaintiff's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law and the facts and as a matter of discretion, with costs.

The Supreme Court improvidently exercised its discretion in sua sponte disqualifying the plaintiff's law firm from representing him in this action. Although the disqualification of an attorney is a matter which rests with the sound discretion of the trial court (*see Boyd v Trent*, 287 AD2d 475, 476 [2001]), a party's entitlement to be represented in ongoing litigation by counsel of his own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted (*see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 443 [1987]; *Unger v Unger*, 15 AD3d 389, 390 [2005]; *Aryeh v Aryeh*, 14 AD3d 634 [2005]). We discern nothing in the record before us which justified the sua sponte disqualification of the plaintiff's law firm from representing him in this action (*see Rose v Thrifty Rent-A-Car Sys.*, 305 AD2d 484 [2003]). Rivera, J.P., Krausman, Goldstein and Lunn, JJ., concur.