Consumers Beverages, Inc. v Kavcon Dev. LLC (2024 NY Slip Op 02397)

Consumers Beverages, Inc. v Kavcon Dev. LLC

2024 NY Slip Op 02397

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, AND GREENWOOD, JJ.

48 CA 23-00199

[*1]CONSUMERS BEVERAGES, INC., PLAINTIFF-RESPONDENT,
v
KAVCON DEVELOPMENT LLC, DEFENDANT-APPELLANT. 

COLUCCI & GALLAHER, P.C., BUFFALO (TORREY E. GRENDA OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BARCLAY DAMON LLP, BUFFALO (JAMES P. MILBRAND OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered November 14, 2022. The order denied defendant's motion to disqualify Barclay Damon LLP from representing plaintiff in this action. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant, Kavcon Development LLC (Kavcon), appeals from an order that denied its motion to disqualify Barclay Damon LLP (Barclay Damon) from representing plaintiff, Consumers Beverages, Inc. (CBI), in, among other things, this action to recover on a "Demand Note" payable to CBI by Kavcon in the amount of $3.8 million plus interest. It is undisputed that, at the time the Demand Note was issued, Barclay Damon represented both CBI and Kavcon.
CBI and Kavcon are family-owned businesses founded decades ago by a family patriarch. Six of the patriarch's children are current or former members of Kavcon and current or former shareholders of CBI, and they have been embroiled in litigation related to the two business entities (see Kavanaugh v Kavanaugh, 200 AD3d 1568, 1569 [4th Dept 2021] [Kavanaugh I]; Kavanaugh v Kavanaugh, 200 AD3d 1576, 1577 [4th Dept 2021] [Kavanaugh II]) (collectively, prior Kavanaugh appeals). The prior Kavanaugh appeals involved challenges made by three of the children to two of the other children's transfers of their ownership interests in the business entities to a sixth child, Neil Kavanaugh (see Kavanaugh I, 200 AD3d at 1569; Kavanaugh II, 200 AD3d at 1577).
At the time of the transfers, Neil was the managing member of Kavcon and was also president and majority shareholder of CBI. Those transfers were ultimately declared null and void (see Kavanaugh I, 200 AD3d at 1569; see also Kavanaugh II, 200 AD3d at 1577), and Neil was eventually replaced by another sibling as managing member of Kavcon. The new managing member immediately terminated Barclay Damon as counsel for Kavcon. Neil retained his position with CBI, continued to retain Barclay Damon as counsel for CBI, and subsequently made a demand for Kavcon to pay CBI the amount due on the Demand Note.
Counsel for Kavcon rejected CBI's demand for payment, claiming, inter alia, that "[b]ecause Barclay Damon was representing both Kavcon . . . and [CBI] . . . when the [Demand Note] was signed," there was a conflict of interest with Barclay Damon's attempt to enforce the Demand Note against Kavcon. CBI, still represented by Barclay Damon, thereafter commenced the instant action for breach of the Demand Note and unjust enrichment.
Kavcon, through new counsel, moved to disqualify Barclay Damon as counsel for CBI on the ground that there was conflict of interest under Rules of Professional Conduct (22 NYCRR [*2]1200.0) rule 1.9 (a). Kavcon contends on appeal that Supreme Court abused its discretion in denying the motion. We reject that contention inasmuch as we conclude that Kavcon failed to establish all of the elements required to disqualify Barclay Damon from representing CBI in this action.
As a preliminary matter, we note the seriousness of a motion to disqualify a party's counsel of choice. "Disqualification of a law firm during litigation implicates not only the ethics of the profession but also the substantive rights of the litigants. Disqualification denies a party's right to representation by the attorney of its choice" (S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 443 [1987]; see Matter of Abrams [John Anonymous], 62 NY2d 183, 196 [1984]). When the Rules of Professional Conduct are invoked in ongoing litigation rather than in a disciplinary proceeding to punish a lawyer's alleged misconduct, "disqualification of a [party's] law firm can stall and derail the proceedings, redounding to the strategic advantage of one party over another" (S & S Hotel Ventures Ltd. Partnership, 69 NY2d at 443). Thus, disqualification "is a severe remedy which should only be done in cases where counsel's conduct will probably taint the underlying trial" (Harris v Erie County Med. Ctr. Corp., 175 AD3d 1104, 1106 [4th Dept 2019] [internal quotation marks omitted]; see Mancheski v Gabelli Group Capital Partners, Inc., 22 AD3d 532, 534 [2d Dept 2005]).
Nevertheless, " '[a] motion to disqualify another party's attorney is addressed to the sound discretion of the trial court' " (Bison Plumbing City v Benderson, 281 AD2d 955, 955 [4th Dept 2001]; see Rose v Thrifty Rent-A-Car Sys., 305 AD2d 484, 485 [2d Dept 2003]). A party bringing a disqualification motion "ha[s] the burden of making a clear showing that disqualification is warranted" (Matter of Colello [appeal No. 3], 167 AD3d 1445, 1447 [4th Dept 2018] [internal quotation marks omitted]; see Lake v Kaleida Health, 60 AD3d 1469, 1470 [4th Dept 2009]). To meet that burden, the moving party must establish: "(1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse" (Matter of Carl B., Jr. [Carl B., Sr.], 181 AD3d 1161, 1161-1162 [4th Dept 2020], lv denied 35 NY3d 910 [2020] [internal quotation marks omitted]; see Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123, 131 [1996], rearg denied 89 NY2d 917 [1996]; Colello, 167 AD3d at 1447).
CBI correctly concedes that Kavcon established the first and third elements of the disqualification test, i.e., that Barclay Damon represented CBI at the time the Demand Note was executed and that the interests of CBI and Kavcon are materially adverse. Thus, the only issue before this Court is whether Kavcon established that the matters involved in both representations are substantially related.
To demonstrate that the matters are substantially related, Kavcon "had to establish that the issues in the present litigation are identical to or essentially the same as those in the prior representation or that [Barclay Damon] received specific, confidential information substantially related to the present litigation" (Sgromo v St. Joseph's Hosp. Health Ctr., 245 AD2d 1096, 1097 [4th Dept 1997] [emphasis added]; see Benevolent & Protective Order of Elks of United States of Am. v Creative Comfort Sys., Inc., 175 AD3d 887, 888 [4th Dept 2019]; Becker v Perla, 125 AD3d 575, 575 [1st Dept 2015]). We note that, despite Kavcon's references to "confidential information" as part of its summary of rule 1.9 of the Rules of Professional Conduct (22 NYCRR 1200.0) in its main brief, Kavcon does not explicitly contend in that brief that Barclay Damon received specific confidential information that was substantially related to this litigation. We thus deem any contention related thereto abandoned (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). To the extent that Kavcon advances its confidential information argument for the first time in its reply brief, that contention is not properly before this Court (see Brooks v City of Buffalo, 209 AD3d 1270, 1272 [4th Dept 2022]) and we therefore do not address its merits.
We reject Kavcon's contention that the court erred in determining that the current and former litigations are not identical to or essentially the same as those in the prior representation (see Sgromo, 245 AD2d at 1097). In this action, CBI is seeking to collect on a debt purportedly owed by Kavcon to CBI. The earlier actions involved either a purported breach of fiduciary duty by Neil or Neil's alleged improper purchase of shares from his siblings (see generally Becker, 125 AD3d at 575). Inasmuch as Kavcon failed to demonstrate that the former and current [*3]representations were substantially related (see CNY Mech. Assoc. v Fidelity & Guar. Ins. Co., 229 AD2d 950, 951 [4th Dept 1996]), it failed to meet its burden of demonstrating that disqualification is warranted.
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court