875 Riv. View Realty LLC v Marzullo (2025 NY Slip Op 51431(U))

[*1]

875 Riv. View Realty LLC v Marzullo

2025 NY Slip Op 51431(U)

Decided on September 15, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 15, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, James, JJ.

570794/25

875 River View Realty LLC, Petitioner-Respondent,
against
Joanna Rose Marzullo, Respondent-Appellant.

Respondent Marzullo appeals from an order of the Civil Court of the City of New York, New York County (Betty Lugo-Martinez, J.), dated April 16, 2025, which denied her motion to disqualify petitioner's counsel in a holdover summary proceeding.

Per Curiam.
Order (Betty Lugo-Martinez, J.), dated April 16, 2025, affirmed, without costs.
Civil Court providently exercised its discretion in denying respondent Marzullo's motion to disqualify petitioner's counsel. Respondent did not meet her "heavy burden" (Dishi v Federal Ins. Co., 112 AD3d 484, 484 [2013]) of showing that the testimony of the subject attorneys would be both necessary on her harassment counterclaim and prejudicial to petitioner (see Ullmann-Schneider v Lacher & Lovell-Taylor PC, 110 AD3d 469, 470 [2013]). The conclusory assertion by respondent that petitioner's counsel will be needed as a witness is insufficient by itself to overcome the rule that strongly favors allowing a litigant to be represented by the counsel of their choice (see NYK Line (N. Am.) v Mitsubishi Bank, 171 AD2d 486, 488 [1991]). Nor is there anything in the record to indicate that counsel possesses any material testimony with respect to the harassment counterclaim, much less that their evidence is essential (see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437 [1987]).
We have considered respondent's remaining arguments and find then unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 15, 2025