Tartell v Klein

2026 NY Slip Op 02382

April 21, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Paul Tartell et al., Appellants,

v

Morton Klein et al., Respondents.

Decided and Entered: April 21, 2026

Index No. 653837/24|Appeal No. 6422-6423|Case No. 2024-07224, 2025-03054|

Before: Renwick, P.J., Friedman, Gesmer, Pitt-Burke, Hagler, JJ.

Gordonlaw LLP, Katonah (Michael R. Gordon of counsel), for appellants.

Kasowitz LLP, New York (Marc E. Kasowitz of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about November 20, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion to disqualify defense counsel, unanimously affirmed, without costs. Order, same court and Justice, entered May 5, 2025, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

The court properly granted defendants' motion to dismiss based on the business judgment rule, which "bars judicial inquiry into actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes" (Auerbach v Bennett, 47 NY2d 619, 629 [1979]; see Consumers Union of U.S., Inc. v State of New York, 5 NY3d 327, 360 [2005]). While plaintiffs assert that defendant Morton Klein acted improperly in his role as national president of Zionist Organization of America (ZOA) and that four members of the board permitted his improper conduct and protected him from oversight, the complaint contains insufficient allegations from which to question the independence of the majority of the remaining board members. On August 8, 2024, after this action was commenced but before plaintiffs filed their complaint, the board convened a committee to investigate plaintiffs' July 17, 2024 demand that the board investigate alleged misconduct. Subsequently, a majority of the board reelected Klein to his position, thus reaffirming the organization's support for him (see Sanford v Colgate Univ., 36 AD3d 1060, 1061-1062 [3d Dept 2007] [The business judgment rule applies where an independent majority of the board declines to take action against the allegedly interested board members]).

Because the complaint is dismissed under the business judgment rule, it is unnecessary to reach defendants' arguments regarding plaintiffs' standing and the sufficiency of the pleadings.

The court providently exercised its discretion in denying plaintiffs' motion to disqualify counsel (see O'Donnell, Fox & Gartner v R-2000 Corp., 198 AD2d 154, 155 [1st Dept 1993]). The record on plaintiffs' motion was insufficient to establish a conflict of interest between the board member defendants and nominal defendant ZOA (see Stilwell Value Partners IV, L.P. v Cavanaugh, 123 AD3d 641, 641-642 [1st Dept 2014]). Moreover, ZOA's executive director, who is not a named defendant, provided a written

waiver of any potential conflict arising from joint representation (see Ferolito v Vultaggio, 99 AD3d 19, 28 [1st Dept 2012]).

We have considered plaintiffs' remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 21, 2026