■ 207 SECOND AVENUE REALTY CORP. et al., Appellants, v SALZMAN & SALZMAN et al., Respondents. [737 NYS2d 88] —Judgment, Supreme Court, New York County (Jane Solomon, J.), entered November 30, 2000, dismissing the complaint, unanimously modified, on the facts, to delete any references therein to CPLR 3212 and summary judgment, to insert therein a recital that the complaint is dismissed pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, and otherwise affirmed; judgment, same court and Justice, entered on or about August 23, 2001, awarding defendants sanctions of $500 for plaintiffs' frivolous conduct, unanimously affirmed; appeal from order, same court and Justice, entered March 30, 2001, which denied plaintiffs' motion to reargue the dismissal of the complaint, and, upon finding such motion to be frivolous, granted defendants' cross motion for sanctions to the extent of awarding $500, unanimously dismissed; all of the above with one bill of costs payable by plaintiffs to defendants.

The action is against a law firm, and arises out of a prior shareholders' derivative action that was brought by the individual plaintiff herein on behalf of the corporate plaintiff herein, and that named as defendants the corporate plaintiff herein and the two other shareholders in the corporation. Plaintiff's initial success in the derivative action was reversed after defendant law firm was substituted as attorney for the defendants therein, including the corporate defendant (*Chang v Chang*, 190 AD2d 311). Plaintiffs now contend that defendant law firm's representation of the corporation, as well as the other defendants, in the derivative action constituted a conflict of interest since the corporation would have benefitted from the judgment that plaintiff Janet Chang had obtained on behalf of the corporation but that was reversed through the

law firm's successful efforts. The IAS court aptly handled this argument by constantly referring to the law firm's representation of the corporation in the derivative action as "nominal," with quotation marks around the word "representation." The individual defendants in the derivative action, and their lawyers, had no more right to "represent" the corporation named therein than did plaintiff herself. As the IAS court emphasized, the outcome of the derivative action would have been exactly the same had the law firm purported to represent only the individual defendants therein and not the nominal corporate defendant. Certainly, the law firm's nominal appearance on behalf of the corporation did not prejudice the ability of plaintiff, Janet Chang, who was separately represented. We modify the judgment only to reflect that the law firm's motion to dismiss the complaint was made prior to joinder of issue, and that nothing in the underlying decision/order granting the motion indicates that the IAS court considered more than just the facial sufficiency of the complaint (CPLR 5019 [a]; see, Madison III Assoc. Ltd. Partnership v Brock, 258 AD2d 355). The $500 sanction was properly imposed upon a finding that plaintiffs' motion to reargue made frivolous legal assertions. Concur—Tom, J.P., Mazzarelli, Sullivan, Wallach and Marlow, JJ.