STILWELL VALUE PARTNERS IV, L.P., on Behalf of Itself and as a Shareholder on Behalf of NORTHEAST COMMUNITY BANCORP, INC., Appellant, v DIANE B. CAVANAUGH et al., Respondents, and NORTHEAST COMMUNITY BANCORP, INC., Nominal Defendant-Respondent. [999 NYS2d 418]—

Order, Supreme Court, New York County (Charles E. Ramos, J.) entered May 19, 2014, which denied plaintiff's motion to disqualify Kilpatrick Townsend & Stockton LLP from representing defendants, unanimously affirmed, with costs.

Plaintiff failed to show that Kilpatrick Townsend & Stockton LLP's representation of Northeast Community Bancorp., Inc. (Northeast Inc.), the nominal defendant, as well as of the other defendants, in this derivative action, presents a conflict of inter-

est because Northeast Inc. would benefit from a judgment in plaintiff's favor on its behalf. Northeast Inc.'s interests are not adverse to those of the other defendants; Northeast Community Bancorp, MHC, and the directors have not asserted any counterclaims against plaintiff, and Northeast Inc. has not asserted any cross claims against them (*cf. Schmidt v Magnetic Head Corp.*, 101 AD2d 268, 278-279 [2d Dept 1984]). Northeast Inc. is a passive litigant, and Kilpatrick's appearance on its behalf is merely nominal (*see 207 Second Ave. Realty Corp. v Salzman & Salzman*, 291 AD2d 243 [1st Dept 2002]; *Greenfield v Giambalvo*, 36 Misc 3d 1209[A], 2012 NY Slip Op 51232[U], *6-7 [Sup Ct, Kings County 2012]).

Even if we were to find that a conflict of interest existed, we would nevertheless agree with the motion court that plaintiff waived its objection to the representation (*see Hele Asset, LLC v S.E.E. Realty Assoc.*, 106 AD3d 692 [2d Dept 2013]). Plaintiff's delay of more than two years after this action was commenced before moving to disqualify, during which time its counsel discussed settlement with Kilpatrick, supports the court's finding that the motion is an attempt to gain a tactical advantage (*see e.g. St. Barnabas Hosp. v New York City Health & Hosps. Corp.*, 7 AD3d 83, 95 [1st Dept 2004]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Acosta, J.P., Moskowitz, Richter, Feinman and Clark, JJ.