■ ORBCO ADVISORS LLC, Appellant, v 400 FIFTH REALTY LLC et al., Respondents. [19 NYS3d 745]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered January 15, 2015, which denied plaintiff's motion to disqualify defendants' counsel, unanimously affirmed, with costs.

The court providently exercised its discretion by denying plaintiff's motion at this early stage of the litigation (*see e.g. Dishi v Federal Ins. Co.*, 112 AD3d 484 [1st Dept 2013]). Plaintiff did not meet its "heavy burden" (*id.* at 484 [internal quotation marks omitted]) of showing that the testimony of the subject attorneys would be both necessary and prejudicial to defendants (*see Ullmann-Schneider v Lacher & Lovell-Taylor PC*, 110 AD3d 469, 470 [1st Dept 2013]; *see also* Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7). Rather, the record reflects that the attorneys' testimony would be cumulative, and "[a] witness whose testimony is, at best, cumulative is not a necessary witness" (*Talvy v American Red Cross in Greater N.Y.*, 205 AD2d 143, 153 [1st Dept 1994], *affd* 87 NY2d 826 [1995]; *see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 446 [1987]). Should discovery reveal otherwise, plaintiff may renew its motion, at which point defendants may not argue that plaintiff is merely seeking a tactical advantage (*cf. Stilwell Value Partners IV, L.P. v Cavanaugh*, 123 AD3d 641, 642 [1st Dept 2014]). Concur—Friedman, J.P., Renwick, Saxe and Kapnick, JJ.