Bellstell 140 E. 56th St. LLC v Ferreira
2026 NY Slip Op 50968(U)
June 24, 2026
Appellate Term, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Disclosure—Examination before Trial-Deposition Notice. Landlord and Tenant—Rent Regulation-Succession Rights-Harassment

Bellstell 140 East 56th Street LLC, Petitioner-Landlord-Appellant,
v
Dalva Ferreira a/k/a Dalva Ferreira Aufiero, Respondent-Respondent, and "John Doe" and/or "Jane Doe" (Janaina Aufiero), Respondents.

Supreme Court, Appellate Term, First Department
Decided on June 24, 2026
570512/26
Present: Tisch, J.P., Perez, Alpert, JJ.

Petitioner-landlord, as limited by its briefs, appeals from those portions of an order of the Civil Court of the City of New York, New York County (Tracy E. Ferdinand, J.), dated August 26, 2025, which denied its motion to dismiss respondents' counterclaim for harassment and granted respondents' cross-motion for discovery and to disqualify petitioner's counsel in a holdover summary proceeding.
[*1]
Per Curiam.
Order (Tracy E. Ferdinand, J.), dated August 26, 2025, modified, to deny those branches of respondents' cross-motion seeking to disqualify petitioner's counsel and law firm, and for leave to depose petitioner's counsel; as modified, order affirmed, with $10 costs.
Civil Court properly denied petitioner's CPLR 3211 (a) (7) motion to dismiss respondents' counterclaim for harassment. Accepting the facts as alleged in the counterclaim as true and affording respondents the benefit of every favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Bangladesh Bank v Rizal Commercial Banking Corp., 226 AD3d 60, 87-86 [2024]), we agree that respondents stated a cause of action for harassment (NY City Administrative Code [Administrative Code of NY] § 27-2004 [a] [48] [a-1] & [g]). Respondents sufficiently alleged that petitioner "intended to cause" them "to vacate" the apartment or "waive their rights in relation to such occupancy" (Administrative Code § 27-2004 [a] [48])by "knowingly providing ... false or misleading information" and by "repeated acts ... [that] substantially interfere with or disturb the comfort, repose, peace or quiet of any person lawfully entitled to occupancy ... that ... are intended to cause such person to vacate ... surrender or waive any rights in relation to such occupancy ..." (Administrative Code § 27-2004 [a] [48] [a-1], [g]). In this regard, respondents, the 77-year-old wife and daughter of the deceased rent-s[*2]tabilized tenant of record, alleged that petitioner had two of its employees enter the apartment with a key, without permission or advance notice at 7:30 a.m., only a few hours after the tenant-of-record died in the apartment, and attempted to oust them while they were in mourning and while one respondent was in a state of partial undress. Respondents additionally alleged that petitioner's lawyer called respondents to pressure them to give up their succession rights and had its manager send an email stating that they had no right to remain in the apartment because the tenant was the only person named in the lease.
However, Civil Court abused its discretion in granting respondents' motion to disqualify petitioner's counsel at this stage of the litigation (see Orbco Advisors LLC v 400 Fifth Realty LLC, 134 AD3d 448 [2015]). Respondents did not meet their "heavy burden" (Dishi v Federal Ins. Co., 112 AD3d 484, 484 [2013]) of showing that the testimony of the subject attorney would be both necessary on their harassment counterclaim and prejudicial to petitioner (see Ullmann-Schneider v Lacher & Lovell-Taylor PC, 110 AD3d 469, 470 [2013]). The conclusory assertion by respondents that petitioner's counsel will be needed as a witness is insufficient by itself to overcome the rule that strongly favors allowing a litigant to be represented by the counsel of their choice (see NYK Line (N. Am.) v Mitsubishi Bank, 171 AD2d 486, 488 [1991]). In addition, petitioner's attorney submitted an affirmation stating his version of the telephone conversation at issue, which did not recount facts detrimental to petitioner, and respondents cannot show that counsel's testimony would be any different than that as set forth in his affirmation (see Matter of Cowen & Co. v Tecnoconsult Holdings, 234 AD2d 86 [1996]).
The court also erred in granting respondents leave to depose petitioner's attorney. In addition to showing ample need for discovery (see Mautner-Glick Corp. v Higgins, 64 Misc 3d 16 [App Term, 1st Dept 2019]), respondents were required to demonstrate "a good faith basis," in order "to rule out the possibility that the deposition is sought as a tactic intended solely to disqualify counsel or for some other illegitimate purpose" (Liberty Petroleum Realty, LLC v Gulf Oil, L.P., 164 AD3d 401, 406 [2018]) and that "the deposition is necessary because the information is not available from another source" (Liberty Petroleum Realty, 164 AD3d at 406). Respondents made no such showing here.
However, we agree that respondents demonstrated ample need for limited discovery in the form of depositions of the two employees who entered the apartment on October 30, 2024, particularly given petitioner's manager's contention that he never authorized the employees to enter the apartment (see Mautner-Glick Corp. v Higgins, 64 Misc 3d 16).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 24, 2026