■ CHRISETTE MICHELE PAYNE, Appellant, v DOUGLAS ELLISON et al., Respondents. THE SONGWRITER'S GUILD OF AMERICA, Amicus Curiae. [914 NYS2d 123]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered on or about April 14, 2009, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss plaintiff's first, second, fifth, sixth, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth and seventeenth causes of action, unanimously modified, on the law, to deny so much of the motion as sought to dismiss the first, second, ninth, tenth and eleventh causes of action, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered August 20, 2009, which denied plaintiff's motion to renew and reargue, unanimously dismissed, without costs, as academic with respect to renewal and as taken from a nonappealable paper with respect to reargument.

The contracts upon which defendants relied in moving to dismiss the first cause of action, which alleges that defendants breached the parties' management agreement by taking more than 20% of a $125,000 advance plaintiff received from her music composition licensor, do not conclusively establish, as a matter of law, a defense to the asserted claims, i.e., that defendants were entitled to 50% of the advance (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Similarly, with respect to the ninth and tenth causes of action, the evidence does not conclusively

establish defendants' right to 50% of each of two advances plaintiff received from third-party record label EMI April Music Inc. Attempting to determine the percentages to which defendants are entitled based on plaintiff's recordings and compositions raises factual issues that require analysis of the parties' agreements, including their agreements with third parties such as the aforementioned EMI, and of contract provisions as to what constitutes "writer's share," "public performance income" and "mechanical royalty income," and cannot, at this juncture, be determined as a matter of law.

The eleventh cause of action, which alleges that defendants breached the parties' recording agreement by charging expenses that were not bona fide, should not have been dismissed as redundant of the third cause of action, which alleges that defendants improperly charged expenses in relation to the management agreement, even though the damages sought are in the same amount. The documentary proof offered fails to establish either the origin or the basis for the expense charges. Further, whether the expenses were justified under either the management or recording agreement, or neither, is a determination that cannot be made on this record.

Likewise, the second cause of action, which alleges that defendants breached the management agreement by taking 50% of a monthly living subsidy advance made to plaintiff by third-party record label Island Def Jam Music Group, should not have been dismissed, since there are questions not only as to whether the recording agreement establishes this as an authorized commission, but also as to what type of advances were subject to the agreement.

Plaintiff's fifth and twelfth causes of action, which allege that defendants fraudulently induced her to enter into the management and recording agreements, respectively, by promising to look after her best interests, take care of her and make her a star, were correctly dismissed, since these alleged promises were not extraneous to the agreements (*see First Bank of Ams. v Motor Car Funding*, 257 AD2d 287, 291-292 [1999]; *Big Apple Car v City of New York*, 234 AD2d 136, 138 [1996]).

Likewise, the court did not err in dismissing plaintiff's sixth and thirteenth causes of action, which allege unjust enrichment, since plaintiff's claim to certain advances is contract-based, and the parties' arguments are predicated upon reasonable interpretations of the various interrelated agreements (*see IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 142 [2009]).

Plaintiff's fourteenth cause of action, which alleges breach of fiduciary duty in relation to the recording agreement, was also

correctly dismissed since that agreement did not create a special relationship of trust and confidence between the parties (*compare Surge Licensing v Copyright Promotions*, 258 AD2d 257 [1999], *with Apple Records v Capitol Records*, 137 AD2d 50, 57 [1988]).

Plaintiff's eighth and fifteenth causes of action, which allege that defendants converted advance monies, were correctly dismissed, since they do not state a tort claim independent of the contract claims (*cf. Apple Records*, 137 AD2d at 57-58).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Friedman, J.P., Nardelli, Moskowitz, Freedman and Manzanet-Daniels, JJ. **[Prior Case History: 2009 NY Slip Op 30807(U).]**