■ In the Matter of Myles M., Respondent, v Pei-Fong K., Appellant. [940 NYS2d 71]—

Order, Family Court, New York County (Monica Schulman, Ref.), entered on or about March 28, 2011, which modified a temporary order of visitation to grant petitioner unsupervised visitation with the parties' child, unanimously affirmed, without costs.

The court properly determined the matter of visitation without a plenary evidentiary hearing (see e.g. *Matter of David T.*, 268 AD2d 309 [2000]). It took judicial notice of the parties' many appearances before the court during the past year, the

December 2010 adjudication that petitioner had committed several family offenses against respondent, and the five-year order of protection issued against him in her favor. It also heard the testimony of a forensic social worker who had observed some 80 supervised visits between petitioner and the child during the course of a year, and considered his reports on those visits and his proposed plan for gradually including unsupervised visitation in petitioner's visitation schedule with the child.

The determination that unsupervised visitation with petitioner is in the child's best interests has a sound and substantial basis in the record (*see Matter of Frank M. v Donna W.*, 44 AD3d 495 [2007]). The social worker reported that the visits he observed between petitioner and the child were overwhelmingly positive, that petitioner and the child had bonded, and that petitioner was a loving and capable parent. Although petitioner has a history of alcohol and substance abuse, he submitted to court-ordered drug testing, and the results were negative. Moreover, the evidence demonstrates that the child was at risk only when she was present during the incidents of domestic violence by petitioner against respondent, while the parties were still in a relationship. The plan structured by the court, in reliance on the expertise of the social worker and the family services agency, minimized that risk by mandating that exchanges be made at the agency's office to avoid contact between the parties. Indeed, the parties had been making exchanges at the agency's office for nearly a year, without a single violent episode. Concur—Saxe, J.P., Sweeny, Freedman and Manzanet-Daniels, JJ.