■ NANCY ULLMANN-SCHNEIDER et al., Respondents, v LACHER & LOVELL-TAYLOR PC et al., Appellants. [973 NYS2d 57]—

Order, Supreme Court, New York County (Lawrence K. Marks, J.), entered December 11, 2012, which denied defendants' motion to disqualify plaintiffs' attorneys, unanimously affirmed, without costs.

"Disqualification . . . during litigation implicates not only the ethics of the profession but also the substantive rights of the litigants [and] denies a party's right to representation by the attorney of its choice" (*S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 443 [1987]). The right to counsel is "a valued right and any restrictions must be carefully

scrutinized" (*id.*). Furthermore, where the rules relating to professional conduct are invoked not at a disciplinary proceeding but "in the context of an ongoing lawsuit, disqualification . . . can [create a] strategic advantage of one party over another" (*id.*). Thus, the movant must meet a heavy burden of showing that disqualification is warranted (*see Broadwhite Assoc. v Truong*, 237 AD2d 162, 163 [1st Dept 1997]). Disqualification is required only where the testimony by the attorney is considered necessary and prejudicial to plaintiffs' interests (*see id.*). Defendants have not met their burden.

The dispute in this case involves the extent and reasonableness of the fees that defendants charged to Leonard Ullmann, now deceased, during accounting proceedings related to his mother's estate. To justify their fees based on the directives given by their client, defendants can use his deposition taken during the accounting proceedings, and thus, would not need to call to the stand Donald Hamburg, plaintiffs' counsel, who also served, for a time, as Leonard Ullmann's co-executor of his mother's estate. Even if Hamburg's testimony is needed, there is no evidence that it would be prejudicial to his client.

Neither are any other partners at counsel's law firm necessary witnesses. The lead trial litigator for plaintiffs affirmed that his involvement with the subject estate and the account proceedings was minimal, and any testimony that could be provided by counsel's copartner in the firm's trust and estates department, who did not have first hand experience with the plaintiffs, would be cumulative (*see Talvy v American Red Cross in Greater N.Y.*, 205 AD2d 143, 153 [1st Dept 1994], *affd* 87 NY2d 826 [1995]). Concur—Gonzalez, P.J., Mazzarelli, Andrias and DeGrasse, JJ.