■ In the Matter of NOEMY SERRANO SOSA, Appellant, v ALEXANDER SERRANO, Respondent. [10 NYS3d 901]—

Appeal from an order of the Family Court, Queens County (Juanita E. Wing, Ct. Atty. Ref.), dated December 10, 2014. The order, sua sponte, relieved Bruno Joseph Bembi as the mother's attorney and, in effect, directed that Bruno Joseph Bembi be prohibited from representing the subject child in this proceeding.

Ordered that, on the Court's own motion, the notice of appeal is deemed an application for leave to appeal, and leave to appeal is granted (see Family Ct Act § 1112 [a]); and it is further,

Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements.

In this custody proceeding, the mother, who was awarded custody of the subject child, moved for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition the United States Citizenship and

Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J). While that motion was pending, the Family Court issued an order which, sua sponte, relieved Bruno Joseph Bembi as the mother's attorney and, in effect, directed that Bembi be prohibited from representing the subject child in this proceeding.

The Family Court improvidently exercised its discretion in, sua sponte, relieving Bembi as the mother's attorney and, in effect, directing that Bembi be prohibited from representing the subject child in this proceeding. Although the disqualification of an attorney is a matter which rests within the discretion of the court (*see Matter of Madris v Oliviera*, 97 AD3d 823, 825 [2012]), " '[a] party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted' " (*id.* at 824, quoting *Gulino v Gulino*, 35 AD3d 812, 812 [2006]). Further, Family Court Act § 241 provides that children "should be represented by counsel of their own choosing or by assigned counsel." Here, there is nothing in the record to support the Family Court's determination that Bembi must be disqualified from representing the mother or the child in this proceeding (*see Bentz v Bentz*, 37 AD3d 386 [2007]; *Rose v Thrifty Rent-A-Car Sys.*, 305 AD2d 484 [2003]), and the court's conclusory assertions and speculation as to the existence of a conflict of interest based on, among other things, the fact that Bembi represented both the mother and the child in a proceeding in federal court, were insufficient to warrant disqualification (*see Dominguez v Community Health Plan of Suffolk*, 284 AD2d 294 [2001]).

The mother's remaining contentions either are without merit or need not be reached in light of our determination. Chambers, J.P., Hall, Cohen and Maltese, JJ., concur.