GREGG DIETRICH, Appellant, v NICOLE DIETRICH, Respondent. [25 NYS3d 148]—

Order, Supreme Court, New York County (Ellen Gesmer, J.), entered May 4, 2015, which, to the extent appealed from as limited by the briefs, granted defendant's motion to disqualify plaintiff's attorney, and denied plaintiff's motion for unsupervised visitation and modification of the visitation schedule and to enjoin defendant from smoking inside her apartment, unanimously modified, on the law, to deny defendant's motion to disqualify plaintiff's attorney, and otherwise affirmed, without costs.

In 2014, plaintiff husband retained Aronson, Mayefsky & Sloan, LLP (AMS) as his attorneys in this action. In February 2015, he retained Preston Stutman & Partners, P.C. (PSP) to

replace AMS. In March 2015, he retained attorney Raunak Kothari to replace PSP. Attorneys Bernard Clair and Steven A. Leshnower of Cohen Clair Lans Greifer & Thorpe LLP (Cohen Clair), retained on January 22, 2014, have been defendant wife's only counsel in this action.

Kothari worked at Cohen Clair's predecessor firm from 2008 to 2009 and is presently cocounsel with Deborah Lans of Cohen Clair on another, unrelated, pending matter. Lans and Leshnower have abutting offices at Cohen Clair and share the same assistant, who works on both matters. Kothari does not have his own office space suitable for client and other meetings. While the husband executed a waiver of conflict of interest in connection with Kothari's representation of him while working on another matter as cocounsel with Cohen Clair, the wife did not.

Because disqualification can affect a party's federal and state constitutional rights to counsel of his or her own choosing, the burden is on the party seeking disqualification to show that it is warranted (*Ullmann-Schneider v Lacher & Lovell-Taylor PC*, 110 AD3d 469 [1st Dept 2013]). The court must carefully scrutinize such requests, balancing the right to counsel of one's choice "against a potential client's right to have confidential disclosures made to a prospective attorney subject to the protections afforded by an attorney's fiduciary obligation to keep confidential information secret (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.18)" (*Mayers v Stone Castle Partners, LLC*, 126 AD3d 1, 6 [1st Dept 2015]; *see also Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 131-132 [1996]).

Applying these principles, the wife did not meet her "heavy burden" of showing that disqualification is warranted, and Supreme Court improvidently exercised its discretion when it granted her motion to disqualify Kothari (*see Mayers v Stone Castle Partners, LLC*, 126 AD3d at 5).

Kothari has never represented or consulted with the wife. His status as cocounsel on an unrelated matter with the firm of attorneys that represents the wife while representing the husband in this action does not violate any ethical or disciplinary rule. Rule 1.7 of the Rules of Professional Conduct (22 NYCRR 1200.00) is not violated, because Kothari is not concurrently representing anyone adverse to the interests of his client, the husband, who executed a conflict waiver. There is no risk that Kothari will be representing different interests and no risk that his professional judgment will be adversely affected by his own interests.

While rule 1.10 prohibits lawyers associated in a firm from

taking on representation when any lawyer in the firm practicing alone would be prohibited from doing so, to impute such a conflict of interest to Kothari by virtue of his being cocounsel on one unrelated matter with the firm of attorneys representing the wife would be too broad a reading of the rule. It would mean that attorneys from different firms could never work together—even on a single case—without having the conflicts of interest of each firm imputed to the other; it would impair clients' ability to retain the lawyers of their choice. Moreover, Kothari's relationship with the wife's attorneys was "non-regular," and not the "close, regular and personal" type of relationship that could become an association for purposes of imputing conflicts of interest under rule 1.10 (*see D.B. v M.B.*, 39 Misc 3d 1205[A], 2013 NY Slip Op 50502[U], *7 [Sup Ct, Westchester County 2013] [internal quotation marks omitted]; *compare People v Lynch*, 104 AD3d 1062 [3d Dept 2013] [in firm of fewer than 10 attorneys, one attorney's status as of counsel extends to the other attorneys any conflict that may exist]).

Nor is there an appearance of impropriety sufficient to warrant disqualification. The wife has not shown that there is a reasonable probability that her confidential information will be disclosed to Kothari during the course of this litigation. Furthermore, the wife's concerns can be easily addressed. Her attorneys could ensure that she and Kothari are never scheduled to be in Cohen Clair's offices at the same time and could create an appropriate wall to ensure that her confidential information is not leaked. Her attorneys could also discuss these concerns with the office assistant who works on this matter and the matter in which Kothari serves as cocounsel to ensure that no confidences are breached, or they could prohibit the assistant from working on both cases.

Supreme Court had sufficient information to decide the husband's motion for expanded and unsupervised visitation without a hearing (*see Matter of Myles M. v Pei-Fong K.*, 93 AD3d 474 [1st Dept 2012]). The court properly found that the totality of the circumstances did not warrant modifying the temporary parental access schedule (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 96 [1982]). The court's determination that visitation should continue to be supervised is reasonable, given the husband's history of substance abuse and his recent positive drug test results, and in light of the parental schedules set forth in the parties' stipulations.

In view of the wife's agreement to refrain from smoking in any room of her residence in which the child is present, the

court properly declined to direct the wife not to smoke inside the residence.

We have considered the husband's remaining contentions and find them unavailing. Concur—Tom, J.P., Renwick, Andrias, Moskowitz and Manzanet-Daniels, JJ.