*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 29, 2016                    522669
_____

LYNN H. KELLY et al.,
                    Appellants,

        v

CHRISTOPHER A. PAULSEN,                    MEMORANDUM AND ORDER
                    Respondent,
                    et al.,
                    Defendants.
_____

Calendar Date:   November 15, 2016

Before:   Garry, J.P., Egan Jr., Devine, Clark and Mulvey, JJ.

                        _____


        Steven P. Schultz, Gansvoort, for appellants.

        Smith, Sovik, Kendrick & Sugnet, PC, Syracuse (Brandon R. King), for respondent.

                        _____


Garry, J.P.

        Appeal from an order of the Supreme Court (Dowd, J.), entered November 12, 2015 in Broome County, which granted defendant Christopher A. Paulsen's motion to disqualify plaintiffs' attorney.

        In 2009, plaintiffs Lynn H. Kelly (hereinafter Kelly) and Donna Kelly commenced this negligence action alleging that Kelly was forced to crash his motorcycle when defendant Christopher A. Paulsen failed to yield the right-of-way at an intersection. Plaintiffs were represented by the law firm of Hinman, Howard & Katell, LLP (hereinafter HHK).  Steven P. Shultz, a sole practitioner, later joined plaintiffs' representation as co-counsel, filing a notice of appearance in June 2013.

Shortly before the commencement of the trial in January 2015, Paulsen allegedly learned for the first time that HHK was representing plaintiffs. HHK had also represented Paulsen in numerous personal and business matters between 1985 and 2015 and, on the first day of trial, Paulsen moved to disqualify HHK based upon the conflict of interest created by this representation. Supreme Court (Tait, J.) initially denied the motion and permitted jury selection to commence; however, after receiving additional information about HHK's representation of Paulsen, the court withdrew its prior ruling, declared a mistrial and recused itself. Thereafter, HHK withdrew from the representation with plaintiffs' consent, leaving Shultz as plaintiffs' sole counsel. Paulsen moved to disqualify Shultz, and Supreme Court (Dowd, J.), granted the motion. Plaintiffs appeal.

The Rules of Professional Conduct prohibit attorneys who are "associated in a firm" from representing a client when a conflict of interest would preclude any one of them from doing so if he or she were practicing alone (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.10 [a]). The Rules of Professional Conduct do not define the phrase "associated in a firm," but it is well established that its meaning extends beyond partners and associates who are employed by the same firm and includes attorneys with "of counsel" relationships (see Cardinale v Golinello, 43 NY2d 288, 294-295 [1977]; People v Lynch, 104 AD3d 1062, 1063 [2013]). However, not every lawyer who has any connection or relationship with a firm is considered to be "associated" with that firm for the purpose of imputing a conflict of interest (see e.g. Bison Plumbing City v Benderson, 281 AD2d 955, 955 [2001]; Shelton v Shelton, 151 AD2d 659, 659 [1989]). Whether an attorney is considered to be "associated in a firm" within the meaning of rule 1.10 (a) is a factual analysis that turns on whether the attorney's relationship with the firm is sufficiently "close, regular and personal" (Dietrich v Dietrich, 136 AD3d 461, 463 [2016] [internal quotation marks and citations omitted]; see D.B. v M.B., 39 Misc 3d 1205[A], 2013 NY Slip Op 50502[U], *5-*6 [Sup Ct Westchester County 2013]).

"Because disqualification can affect a party's federal and state constitutional rights to counsel of his or her own choosing, the burden is on the party seeking disqualification to

show that it is warranted" (Dietrich v Dietrich, 136 AD3d at 462 [citation omitted]).  We are unpersuaded that this "heavy burden" was satisfied here (Ullmann-Schneider v Lacher & Lovell-Taylor PC, 110 AD3d 469, 469-470 [2013]).  Shultz has never been an employee, associate or partner at HHK and is not identified on the firm's letterhead as having an "of counsel" role (see Rules of Professional Conduct [22 NYCRR 1200.00] rule 7.5 [a] [4]).  He testified by affidavit that plaintiffs retained him in March 2013 to act as co-counsel in the pretrial and trial phases of the negligence action with an HHK partner who was the original attorney of record.  Shultz was also engaged to serve as co-counsel with this HHK partner on four other matters unrelated to the negligence action, all of which Shultz had originated.  He stated that he acted in the capacity of an independent contractor in all five cases and that, other than these cases, he never had discussions with any HHK attorneys regarding HHK's client affairs.

Shultz does not share office space with HHK, but instead maintains his own separate office.  He did not receive support services from HHK such as office space, secretarial services or a computer, nor did HHK supervise his work or instruct him on how to perform his work.  Significantly, he averred that he never had access to any HHK client files other than that of plaintiffs.  Shultz specifically averred that he never represented Paulsen or was aware of him or his business affairs before his involvement in this case, that he never received any confidential information pertaining to Paulsen from HHK, and that HHK did not give him access at any time to any files from which he might have obtained such information.

The HHK partner with whom Shultz acted as co-counsel confirmed that Shultz was not an employee and that he worked independently from HHK.  She averred that HHK has over 80 attorneys and that, due to the firm's size, multiple office locations and compartmentalization into various departments, she had never acquired any information, "confidential or otherwise," about Paulsen.  She further averred that she had no knowledge of Paulsen beyond the negligence action and that she met him for the first time on the first day of trial in January 2015.  She confirmed that Shultz was not provided with support services,

equipment or an office by HHK and that he never had access to any HHK client files, nor did he participate in discussions of client affairs.

Paulsen submitted no evidence contradicting any of these assertions.  His allegation that HHK's "intimate and personal knowledge of [his affairs] has undeniably been shared with . . . Shultz" is not based upon record evidence.  The claim instead appears to be founded upon his mere speculation that, because plaintiffs demanded a high settlement figure, they may have received confidential information about his finances.  Under these circumstances, we find no basis in the record for concluding that Shultz and HHK had the "close, regular and personal type of relationship that could become an association for purposes of imputing conflicts of interest under rule 1.10" (Dietrich v Dietrich, 136 AD3d at 463 [internal quotation marks and citations omitted]).  In our view, Shultz's role in the litigation is more akin to that of a "[c]ontract [l]awyer to whom a case is referred and who serves in the nature of co-counsel, working from his or her own office," who, in the absence of other factors revealing a closer relationship, is not deemed to be associated with the employing firm for the purpose of disqualification (NY St Bar Assn Comm on Prof Ethics Op 715 [1999]).  Further, in view of HHK's relatively large size and Shultz's undisputed lack of access to the firm's files, confidences and secrets, there is no perceivable risk that Paulsen's interests may "be prejudiced in consequence of representation of [plaintiffs] by [Shultz]" (Cardinale v Golinello, 43 NY2d at 296), and no appearance of impropriety warranting disqualification.  To hold otherwise would impose an unnecessary burden on the freedom of clients to retain the counsel of their choice and the ability of attorneys from different firms to work together (see Solow v Grace & Co., 83 NY2d 303, 309-310 [1994]; Dietrich v Dietrich, 136 AD3d at 463).  Accordingly, we find that Shultz was not associated with HHK within the meaning of the Rules of Professional Conduct.  Supreme Court thus erred in granting Paulsen's motion for disqualification (see Hempstead Video, Inc. v Incorporated Vil. of Valley Stream, 409 F3d 127, 136 [2d Cir 2005]; Dietrich v Dietrich, 136 AD3d at 463; D.B. v M. B., 39 Misc 3d 1205[A], 2013 NY Slip OP 50502[U] at *5-*6; compare Nemet v Nemet, 112 AD2d

-5-                          522669

359, 360 [2d Dept 1985], <u>lv dismissed</u> 66 NY2d 759 [1985]).

Egan Jr., Devine, Clark and Mulvey, JJ., concur.


ORDERED that the order is reversed, on the law, with costs, and motion denied.



ENTER:

Robert D. Mayberger
Clerk of the Court