■ JOHN C. KELLEHER, JR., et al., Plaintiffs, v JEFFREY M. ADAMS, ESQ., et al., Respondents, et al., Defendant. BEATTIE PADOVANO, LLC, Nonparty Appellant. [47 NYS3d 732]—

In an action to recover damages for legal malpractice, nonparty Beattie Padovano, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Loehr, J.), dated February 13, 2015, as denied that branch of the plaintiff's motion which was for leave to depose Sheri Ann Pochat, also known as Sheri Ann Cook, and granted that branch of the motion of the defendants Jeffrey M. Adams and The Adams Law Firm, P.C., which was to disqualify Beattie Padovano, LLC, as the plaintiffs' counsel.

Ordered that the appeal from so much of the order as denied that branch of the plaintiffs' motion which was for leave to depose Sheri Ann Pochat, also known as Sheri Ann Cook, is dismissed, as the nonparty-appellant is not aggrieved thereby (see CPLR 5511); and it is further,

Ordered that the order is reversed insofar as reviewed, on the facts and in the exercise of discretion, and that branch of the motion of the defendants Jeffrey M. Adams and The Adams Law Firm, P.C., which was to disqualify Beattie Padovano, LLC, as the plaintiffs' counsel is denied.

The defendants Jeffrey M. Adams and The Adams Law Firm, P.C. (hereinafter together the Adams defendants), moved, inter alia, to disqualify the nonparty-appellant, Beattie Padovano, LLC, from representing the plaintiffs on the ground that it had violated various rules of the New York Rules of Professional Conduct. As relevant to this appeal, the Supreme Court granted that branch of the Adams defendants' motion which sought disqualification. We reverse insofar as reviewed.

" 'A party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted. While the right to choose one's counsel is not absolute, disqualification of legal counsel during litigation implicates not only the ethics of the profession but also the parties' substantive rights, thus requiring any restrictions to be carefully scrutinized. The party seeking to disqualify a law firm or an attorney bears the burden to show sufficient proof to warrant such a determination' " (*Hele Asset, LLC v S.E.E. Realty Assoc.*, 106 AD3d 692, 693 [2013], quoting *Gulino*

*v Gulino*, 35 AD3d 812, 812 [2006]; *see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 443-445 [1987]). " 'Whether to disqualify an attorney is a matter which lies within the sound discretion of the court' " (*Hele Asset, LLC v S.E.E. Realty Assoc.*, 106 AD3d at 693, quoting *Matter of Madris v Oliviera*, 97 AD3d 823, 825 [2012]; *see Matter of Marvin Q.*, 45 AD3d 852, 853 [2007]; *Olmoz v Town of Fishkill*, 258 AD2d 447 [1999]).

Here, the Supreme Court improvidently exercised its discretion in granting that branch of the Adams defendants' motion which was to disqualify the plaintiffs' attorney, inasmuch as there was insufficient proof to demonstrate that disqualification was warranted.

Accordingly, the Supreme Court should have denied that branch of the Adams defendants' motion which was to disqualify the nonparty-appellant from representing the plaintiffs. Balkin, J.P., Hall, LaSalle and Barros, JJ., concur.