Appeal from an order of the Family Court, Kings County (llana Gruebel, J.), dated September 16, 2016. The order denied the mother’s motion to disqualify the assigned attorney for the child.
 

 Ordered that the order is affirmed, without costs or disbursements.
 

 The mother and nonparty father are the parents of the subject child. In December 2014, the petitioner filed the subject neglect petition against the mother. During the ensuing fact-finding hearing, the attorney for the child was relieved on consent due to a conflict of interest that had arisen, and Cheryl S. Solomon was assigned to represent the child. The mother then moved to disqualify Solomon as the attorney for the child on the basis that Solomon had shared an office suite with another attorney who had represented the father in the parents’ divorce action approximately three years prior to being elected as a Judge of the Civil Court. The mother did not know whether the divorce action was ever discussed between the attorneys, but contended that there was an appearance of impropriety based upon the shared office suite. The Family Court denied the motion. The mother appeals.
 

 A “party seeking to disqualify a law firm or an attorney bears the burden to show sufficient proof to warrant such a determination” (Matter of Madris v Oliviera, 97 AD3d 823, 824 [2012] [internal quotation marks omitted]; see Kelleher v Adams, 148 AD3d 692, 692 [2017]). In particular, “a party seeking disqualification of its adversary’s lawyer must prove: (1) the existence of a prior attorney-client relationship between the moving party and opposing counsel [or a firm with which the lawyer formerly was associated], (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse” (Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123, 131 [1996]; see Solow v Grace & Co., 83 NY2d 303, 308 [1994]; Gjoni v Swan Club, Inc., 134 AD3d 896, 897 [2015]). In addition, where rule 1.9 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0) is implicated, it must be proven that the lawyer whose former firm had previously represented the client acquired confidential information that is material to the matter (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.9 [b] [2]). The determination whether to disqualify an attorney is a matter that rests within the sound discretion of the court (see Kelleher v Adams, 148 AD3d at 692; Matter of Sosa v Serrano, 130 AD3d 636, 637 [2015]; Matter of Madris v Oliviera, 97 AD3d at 825; Matter of Brian R., 48 AD3d 575, 575 [2008]; Matter of Marvin Q., 45 AD3d 852, 853 [2007]).
 

 Here, the mother’s conclusory assertions of conduct violating a disciplinary rule did not suffice to support disqualification (see Matter of Sosa v Serrano, 130 AD3d at 637; Matter of Madris v Oliviera, 97 AD3d at 825). The mother failed to proffer sufficient proof to demonstrate that disqualification was warranted (see Kelleher v Adams, 148 AD3d at 692; Kelly v Paulsen, 145 AD3d 1398, 1399-1400 [2016]; Dietrich v Dietrich, 136 AD3d 461, 462-463 [2016]; Matter of Sosa v Serrano, 130 AD3d at 637; Walter v Walter, 62 AD3d 787, 788 [2009]; People v Contreras, 28 AD3d 393, 394 [2006]; Matter of T’Challa D., 3 AD3d 569, 570 [2004]).
 

 Accordingly, the Family Court providently exercised its discretion in denying the mother’s motion.
 

 Rivera, J.R, Austin, Connolly and Iannacci, JJ., concur.