Simon v Lewis (2022 NY Slip Op 04140)

Simon v Lewis

2022 NY Slip Op 04140

Decided on June 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 28, 2022

Before: Gische, J.P., Kern, Mazzarelli, Singh, Rodriguez, JJ. 

Index No. 305209/13 Appeal No. 16210-16211-16212-16212A-16212B Case No. 2019-1116, 2019-3900, 2019-00653, 2019-1182, 2021-00520 

[*1]Leon Simon et al., Plaintiffs-Respondents,
v
Bernard Lewis et al., Defendants-Appellants. 

Bernard Lewis, appellant pro se.
Coleen Weaver, as Administrator of Ethans Estate Trust, appellant pro se.
Albert A. Hatem, P.C., White Plains (Albert A. Hatem of counsel), for respondents.

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.) entered on or about January 22, 2019 which, to the extent appealed from as limited by the briefs, denied defendant Bernard Lewis's motion to dismiss the complaint, unanimously affirmed, without costs. Order, same court and Justice, entered on or about July 5, 2019, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion to stay a second landlord-tenant proceeding commenced by defendant Coleen Weaver and vacate the warrant of eviction, unanimously affirmed, without costs. Order, same court and Justice, entered on or about September 16, 2019, which denied Weaver's motion to strike certain allegedly scandalous matters from the record and granted plaintiffs' cross motion to the extent of barring defendants from making further motions related to any of the issues previously decided by the court, unanimously affirmed, without costs. Order, same court and Justice, entered on or about August 10, 2020, which, to the extent appealed from as limited by the briefs, relieved plaintiffs' counsel from representation in the action, unanimously affirmed, without costs. Order, same court and Justice, entered on or about August 25, 2020, which, in effect, denied defendants' motion to disqualify plaintiff's counsel, vacate the prior orders of the court, and dismiss the amended complaint, unanimously affirmed, without costs.
Supreme Court correctly denied Lewis's CPLR 3211 motion to dismiss the original complaint, made more than five years after the litigation commenced. Lewis waived his arguments based on documentary evidence and lack of capacity to sue by failing to raise them within the time to answer the complaint (see CPLR 3211[e]; Dougherty v City of Rye, 63 NY2d 989, 991-992 [1984]). In any event, the documentary evidence did not conclusively establish a defense to the action. Further, contrary to Lewis's contention, his assertion that plaintiffs did not live on the property does not divest the court of subject matter jurisdiction (NY Const, art VI, § 7[a]; see A&L 1664 LLC v Jaspar Hospitality LLC, 201 AD3d 512, 512 [1st Dept 2022]). Rather, it goes to the merits of plaintiffs' claim for adverse possession.
To the extent defendants' arguments on appeal are directed to the alleged failure by plaintiffs' counsel to notify them that plaintiffs were filing orders to show cause seeking interim relief, those arguments are not properly before us, as no appeal as of right lies from an order that does not result from a motion on notice under CPLR 5701(a)(2) (see Parlux Fragrances, LLC v S. Carter Enters., LLC, 204 AD3d 72, 92 [1st Dept 2022]).
Turning to defendants' assertion that plaintiffs were not entitled to a stay of a second landlord-tenant proceeding commenced by Weaver, Supreme Court had issued an earlier order, dated March 11, 2019, intended to stay a prior Civil Court litigation so as to determine the common questions of law and fact in this action, and Weaver failed [*2]to inform the court that she had filed a second proceeding. Because the landlord-tenant proceedings would circumvent plaintiffs' request in this action for a declaration that they own the property by virtue of adverse possession — a declaration that cannot be obtained in Civil Court — the stay of both landlord-tenant proceedings was proper (see Chaplin v National Grid, 171 AD3d 691, 692 [2d Dept 2019]). To the extent the March 11, 2019 order was insufficient to consolidate the landlord-tenant proceedings with this action under CPLR 602, plaintiffs are free to seek consolidation before the motion court.
Defendants' motion to disqualify plaintiffs' counsel, for vacatur, and to dismiss the complaint was correctly denied, as there was no basis to disqualify plaintiff's counsel. At the time of the court's decision on the motion to disqualify counsel, the court had already relieved counsel. Therefore, the motion was moot. Furthermore, defendants have not shown that the testimony of plaintiff's counsel would be necessary and prejudicial to plaintiffs (see Ullmann-Schneider v Lacher & Lovell-Taylor PC, 110 AD3d 469, 470 [1st Dept 2013]). With respect to the branch of defendants' motion that sought to dismiss the amended complaint, failure to maintain an office under Judiciary Law § 470 does not mandate dismissal of the action (see Arrowhead Capital Fin., Ltd. v Cheyne Specialty Fin. Fund L.P., 32 NY3d 645, 650 [2019]).
Finally, the branch of defendants' motion for vacatur under CPLR 5015(a)(2) based on newly discovered evidence and under CPLR 5015(a)(3) based on fraud, misrepresentation, or other misconduct was properly denied based on the court's earlier orders rejecting those same arguments; the alleged additional evidence submitted would not have resulted in a different outcome (see Woori Am. Bank v Winopa Intl. Ltd., 63 AD3d 490, 491 [1st Dept 2009]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 28, 2022