Casanas v Casanas (2023 NY Slip Op 01860)

Casanas v Casanas

2023 NY Slip Op 01860

Decided on April 11, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2023

Before: Webber, J.P., Oing, Singh, González, Mendez, JJ. 

Index No. 153156/16 Appeal No. 12-13-14 Case No. 2022-00490, 2021-03747, 2022-02849 

[*1]Aleida Casanas, Plaintiff-Appellant,
v
Richard Casanas, et al., Defendants-Respondents.

Aleida Casanas, appellant pro se.
The Law Office of Stephen H. Finkelstein, New York (Stephen H. Finkelstein of counsel), for respondents.

Order, Supreme Court, New York County (Carol R. Edmead, J.) entered April 15, 2021, which denied plaintiff's motion to disqualify defendant's counsel, unanimously affirmed, without costs. Order, same court and Justice, entered on or about July 9, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to amend the complaint to add claims for tortious interference with contract and unjust enrichment, and denied vacatur of the court's November 15, 2016 order awarding a default judgment to defendants on their counterclaim for a declaration that the alleged 2003 lease for apartment 2C was invalid and unenforceable and that plaintiff otherwise had no possessory right to apartment 2C, unanimously affirmed, without costs. Order, same court and Justice, entered on or about May 31, 2022, which precluded plaintiff from serving additional documents and issued a conditional adverse inference charge against her, unanimously affirmed, without costs.
Plaintiff failed to establish that defendants' counsel's testimony was necessary to warrant disqualification under Rules of Professional Conduct (22 NYCRR 1200.0) rule 3.7 based on plaintiff's conclusory assertions of necessity and prejudice (see Ullmann-Schneider v Lacher & Lovell-Taylor PC, 110 AD3d 469, 470 [1st Dept 2013]; Harris v Sculco, 86 AD3d 481, 481 [1st Dept 2011]). Plaintiff also failed to demonstrate that disqualification was required under Rules of Professional Conduct rules 1.7 or 1.9, relating to conflicts of interest with current or former clients, as plaintiff did not establish that she was ever a client of defendant's counsel or that an ethical or disciplinary rule would otherwise be violated (see Dietrich v Dietrich, 136 AD3d 461, 462 [1st Dept 2016]).
As to plaintiff's motion to amend her complaint, the causes of action for tortious interference with contract and unjust enrichment were legally insufficient (see Reyes v BSP Realty Corp., 171 AD3d 504, 504 [1st Dept 2019]). With respect to tortious interference, the law is well settled that the claim lies only against a stranger to the contract (Ashby v ALM Media, LLC, 110 AD3d 459, 459 [1st Dept 2013], lv denied 22 NY3d 860 [2014]). Here, defendant The Carlei Group, LLC is the successor in interest to the original landlord under the leases with which defendants purportedly interfered, and defendant Richard Casanas is plaintiff's brother and The Carlei Group's sole member; therefore, neither defendant is a stranger to the relevant leases (id.). With respect to the cause of action for unjust enrichment, plaintiff alleges that defendants improperly withheld a portion of the rental proceeds due to her, which necessarily requires a predicate agreement under which plaintiff would have been entitled to the subtenants' rents, thus foreclosing the claim because it is contract-based (see Payne v Ellison, 79 AD3d 585, 586 [1st Dept 2010]). Moreover, defendant's alleged refusal to turn over subtenant's rents is a claim [*2]for breach of the implied covenant of good faith and fair dealing. We note that the motion court granted leave to amend to amend the complaint to add this cause of action.
Next, the motion court providently denied the branch of the motion seeking vacatur of the November 15, 2016 order. The motion, made more than three years later, was unreasonably untimely (see Agosto v Western Beef Retail, Inc., 175 AD3d 1192, 1192-1193 [1st Dept 2019]). As a result, Supreme Court also providently denied plaintiff's related request that she be permitted to prove the existence of the 2003 lease for apartment 2C through secondary evidence. While the order granted defendants' motion for a default judgment on its counterclaims for a declaration that the alleged 2003 lease for apartment 2C "asserted by [p]laintiff is fraudulent, illegitimate, invalid, unenforceable, and does not exist," and that plaintiff "otherwise had no possessory right to apartment 2C," defendants acknowledge that plaintiff's claims under the 1993 lease for apartment 2C remain extant. In addition, as suggested in this Court's 2019 order, plaintiff may pursue her claims for declaratory relief and her new claim for breach of the implied covenant of good faith and fair dealing in accordance with her rights under the 1993 lease for apartment 2C (see Casanas v Carlei Group, LLC, 176 AD3d 499, 500 [1st Dept 2019]).
With respect to the discovery order, Supreme Court providently exercised its discretion in precluding plaintiff from serving additional documents that should have been produced in response to defendants' combined demands. The court also providently issued a conditional negative inference jury instruction against plaintiff in the event documents necessary for trial are found to be withheld (see General Motors Acceptance Corp. v New York Cent. Mut. Fire Ins. Co., 104 AD3d 523, 524 [1st Dept 2013]). The sanction was within the motion court's discretion following plaintiff's failure, for a second time, to serve complete and timely responses after the court afforded her additional time to do so in its April 14, 2022 order (CPLR 3126[2]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2023