## Sawyer v 1120 Fifth Ave. Corp.

2024 NY Slip Op 33719(U)

October 21, 2024

Supreme Court, New York County

Docket Number: Index No. 154090/2021

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. PAUL A. GOETZ                         PART                    47

*Justice*

-----------------------------------------------------------------------X

ELIZABETH SAWYER,

                                    Plaintiff,

- v -

1120 FIFTH AVENUE CORPORATION, BOARD OF
DIRECTORS OF 1120 FIFTH AVENUE CORPORATION,
JOHN BREGLIO, KATHRYN BREGMAN, DAVID
CLOSSEY, ELLEN CONRAD, MICHAEL FELDBERG,
LINDA GELFOND, STEPHEN GREENBERG, WILLIAM
HAINES, MARY MORGAN, ROBERT ERNSTOFF,

                                    Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154090/2021 |
| MOTION DATE | 05/20/2024 |
| MOTION SEQ. NO. | 006 |

### DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 006) 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 267, 268, 272, 273, 274, 276, 277, 278, 279, 280, 281, 282, 283

were read on this motion to/for              QUASH SUBPOENA, FIX CONDITIONS         .

   Plaintiff initiated this shareholder derivative action against defendants 1120 Fifth Avenue Corporation (the co-op), Board of Directors of 1120 Fifth Avenue Corporation (the board) and individual members of the board, including Linda Stein (listed in the caption as Linda Gelfond). Initially, defendants were only represented by the firm Kaufman Borgeest & Ryan LLP (KBR), but at some point in the litigation, the board hired Rosenberg & Estis P.C. (R&E) to represent it alongside KBR. Linda Stein remained only a client of KBR, however, some of the documents she produced for the firm were shared with R&E as part of its representation of the board. Linda Stein was later dismissed from the action. She and her husband, Stanley Stein (collectively, the Steins) were served with non-party subpoenas on April 5, 2024.

   The Steins now move pursuant to CPLR § 2304 to quash the subpoenas on the grounds that they seek irrelevant and/or privileged testimony and materials, are overly broad, and seek

documents already in defendants' possession; or in the alternative, disqualifying R&E and Dinsmore & Shohl LLP (D&S)[1] as counsel for defendants on the grounds that a conflict of interest exists and that the Steins would be prejudiced by such representation. Specifically, the Steins assert that (i) while Linda Stein was a named defendant, R&E falsely represented that it served as her counsel and improperly acquired access to privileged documents she produced to KBR; and (ii) an adversarial relationship was created between the Steins and R&E when the Steins pursued a separate action against the board regarding flooding in their apartment.

Quash

"CPLR 3101(a) broadly mandates full disclosure of all matter material and necessary in the prosecution or defense of an action [and] [t]his provision is liberally interpreted in favor of disclosure" (*Melworm v Encompass Indem. Co.*, 112 AD3d 794, 795 [2d Dept 2013]). Further, "[a]n application to quash a subpoena should be granted [o]nly where the futility of the process to uncover anything legitimate is inevitable or obvious . . . or where the information sought is utterly irrelevant to any proper inquiry" (*Matter of Kapon v Koch*, 23 NY3d 32, 38 [2014] [internal quotation marks removed]).

Here, the subpoenas are not "utterly irrelevant to any proper inquiry," however, they do seek certain documents and communications that may be privileged or are irrelevant, and they are overly broad in scope (NYSCEF Doc Nos 227-228 [demanding, e.g., "Documents and Communications that You previously provided to Kaufman Relating to this Action" and "Communications . . . Relating to the Building, the Board, this Action and/or the SDNY Action"]). Accordingly, the subpoena will not be quashed, but the Steins and defendants will be directed to meet and confer in good faith to narrow the demands (*Sky Coverage Inc. v Alwex Inc.*,

---

[1] The Steins assert that D&S, which also represents defendants in this action, must also be disqualified because one of its partners, Harris Davidson Esq., worked for R&E during the relevant period and was involved in this matter.

**154090/2021   SAWYER, ELIZABETH vs. 1120 FIFTH AVENUE CORPORATION ET AL**          **Page 2 of 4**
**Motion No.  006**

2022 N.Y. Misc. LEXIS 37329 *1 [SC NY Co 2022] ["The motion to quash the subpoena is denied on condition that the parties meet and confer with a view to agreeing on the precise categories of documents that may be in [the non-party's] possession that are relevant to this case"]).

Disqualify

A movant seeking disqualification of an opponent's counsel faces a heavy burden (*Skanska USA Bldg. Inc. v Atlantic Yards B2 Owner, LLC*, 146 AD3d 1, 13 [1st Dept 2016]). A party has a right to be represented by counsel of its choice, and any restrictions on that right "must be carefully scrutinized" (*Ullmann-Schneider v Lacher & Lovell-Taylor PC*, 110 AD3d 469, 469-70 [1st Dept 2013] [internal quotation marks omitted]). Courts should also examine whether a motion to disqualify is made for tactical purposes, such as depriving an opponent of quality representation (*Solow v Grace & Co.*, 83 NY2d 303, 310 [1994]). The decision whether to grant a motion to disqualify rests in the discretion of the motion court (*Macy's Inc. v J.C. Penny Corp., Inc.*, 107 AD3d 616, 968 N.Y.S.2d 64 [1st Dept 2013]).

Here, the Steins failed to meet this heavy burden, as they have not established that a prior attorney-client relationship existed between them and R&E or D&S; "a subpoenaed non-party is not in an adversarial relationship with the subpoena's issuer" (*Martin v Daily News, L.P.*, 2010 NY Slip Op 31039[U], *5 [SC NY Co 2010]); defendants are not represented by R&E or D&S in the separate litigation involving flooding in the Steins' apartment; and R&E already addressed the Steins' "concern that documents which were produced only by Ms. Stein may have been inadvertently available for [the] firm to review" (NYSCEF Doc No 239). Accordingly, the firms will not be disqualified as counsel for defendants.

Based on the foregoing, it is

ORDERED that the motion is denied; and it is further

ORDERED that the Steins and defendants are directed to meet and confer in a good faith attempt to narrow the demands of the subpoenas within 10 days of entry of this order; and it is further

ORDERED that within 10 days thereafter, defendants shall serve the revised subpoenas, and the Steins shall produce non-privileged responsive documents within 30 days thereafter and their depositions shall be taken within 30 days after the production.

20241021110755PG0ETZ1DE676C8E21D3A50694A376E99DD5AEB6

| __10/21/2024__ | | |
|---|---|---|
| __DATE__ | | __PAUL A. GOETZ, J.S.C.__ |

CHECK ONE:  ☐ CASE DISPOSED  ☒ NON-FINAL DISPOSITION

☐ GRANTED  ☒ DENIED  ☐ GRANTED IN PART  ☐ OTHER

APPLICATION:  ☐ SETTLE ORDER  ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:  ☐ INCLUDES TRANSFER/REASSIGN  ☐ FIDUCIARY APPOINTMENT  ☐ REFERENCE