Simon v Lewis (2025 NY Slip Op 03263)

Simon v Lewis

2025 NY Slip Op 03263

Decided on May 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 29, 2025

Before: Moulton, J.P., Friedman, Scarpulla, O'Neill Levy, Michael, JJ. 

Index No. 305209/13|Appeal No. 4469|Case No. 2024-01617|

[*1]Leon Simon et al., Plaintiffs-Respondents,
v
Bernard Lewis et al., Defendants-Appellants.

Bernard Lewis, appellant pro se.

Order, Supreme Court, Bronx County (Raymond P. Fernandez, J.), entered on or about January 9, 2024, which denied defendants' motion to strike the notice of appearance and order to show cause filed by plaintiffs' counsel, Douglas J. Martino; to vacate prior orders entered on March 11, 2019 and July 5, 2019, based on misrepresentation, fraud, and new evidence; disqualify Martino and his firm, Martino & Weiss; dismiss the amended complaint; and refer the matter to the Internal Revenue Service for an investigation, unanimously affirmed, without costs.
The court properly denied defendants' motion to strike the notice of appearance and order to show cause filed by plaintiffs' counsel, Douglas J. Martino. Even if plaintiffs did not strictly comply with CPLR 321(b), their noncompliance is excusable, as Martino and his firm were duly retained by plaintiffs and filed a notice of appearance to that effect. There was no confusion as to who was representing plaintiffs, nor do defendants assert any prejudice caused by plaintiffs' alleged failure to properly substitute counsel (see Bevilacqua v Bloomberg, L.P., 70 AD3d 411, 412 [1st Dept 2010]). Further, defendants failed to meet their "heavy burden" to warrant disqualification under the advocate witness rule by demonstrating that plaintiffs' counsel's testimony is necessary and prejudicial to plaintiffs (see Ullmann-Schneider v Lacher & Lovell-Taylor PC, 110 AD3d 469, 470 [1st Dept 2013]).
There is no basis to dismiss the amended complaint on the grounds that the allegations were scandalous or prejudicial (CPLR 3024[b]). To the extent defendants seek vacatur under CPLR 5015(a)(2) and (3), based on newly discovered evidence and fraud, misrepresentation, or other misconduct, their motion was properly denied as the motion court, as well as this Court, previously rejected those arguments (see Simon v Lewis, 206 AD3d 581, 583 [1st Dept 2022]). The additional evidence submitted on this motion does not warrant a different outcome.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 29, 2025