Matter of Jodeci S. v Sheila M. (2025 NY Slip Op 03985)

Matter of Jodeci S. v Sheila M.

2025 NY Slip Op 03985

Decided on July 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 01, 2025

Before: Manzanet-Daniels, J.P., Gonzalez, Mendez, Rodriguez, Rosado, JJ. 

Index No. V-04304-5/21 V-11749-50/21|Appeal No. 4667|Case No. 2024-04865|

[*1]In the Matter of Jodeci S., Petitioner-Respondent,
v
Sheila M., Respondent-Appellant.

Andrew J. Baer, New York, for appellant.
Law Office Thomas R. Villecco, P.C., New York (Thomas R. Villecco of counsel), for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Eva D. Stein of counsel), attorney for the children.

Appeal from order, Family Court, Bronx County (Gigi N. Parris, J.), entered on or about July 30, 2024, which denied respondent mother's motion to continue supervised visitation with the father at another agency and granted petitioner father unsupervised parenting time with the subject children from 12:00 p.m. to 4:00 p.m. on Saturdays, unanimously dismissed, without costs.
Family Court's July 30, 2024, order on motion, which granted the father a provisional remedy of unsupervised visitation, is not appealable as of right. Family Ct Act § 1112(a) provides that "[a]n appeal may be taken as of right from any order of disposition." It is clear, especially in light of subsequent temporary orders of visitation issued thereafter which altered the terms of the July 30, 2024 order, that this order on motion was not a final determination of custody or visitation, and thus temporary in nature. As temporary orders of visitation are not orders of disposition within the meaning of the Family Court Act, they are therefore, not appealable as of right (see Matter of Rosa M. v Francisco P., 151 AD3d 451, 451 [1st Dept 2017] [dismissing parent's appeal from a temporary Family Court order, as it was "not an order of disposition and thus not appealable of right"]; Matter of Rhee-Karn v Karn, 93 AD3d 530, 530 [1st Dept 2012] [dismissing an appeal from a temporary Family Court order, as it was "not appealable as of right"]; Matter of Charles R. v Diana E., 174 AD3d 443, 443 [1st Dept 2019] [dismissing appeal from an order which modified a temporary visitation order upon the mother's ex parte order to show cause because the order was "not appealable as of right since it [was] not an order of disposition"]). In any event, the mother's argument that the July 30, 2024 order on motion should be reversed because it failed to hold a hearing on visitation is unavailing. Family Court's determination that until a fact-finding is conducted, unsupervised visitation with petitioner is in the children's best interests has a sound and substantial basis in the record (see Matter of Myles M. v Pei-Fong K., 93 AD3d 474, 475 [1st Dept 2012]; Matter of James Joseph M. v Rosana R., 32 AD3d 725, 726 [1st Dept 2006], lv denied 7 NY3d 717 [2006]). The court presided over the litigation for two years and had numerous opportunities to evaluate the parties' character and credibility (see Reilly v Hager-Reilly, 166 AD3d 825, 827 [2d Dept 2018], lv denied 32 NY3d 918 [2019], cert denied — US &mdash, 140 S Ct 117 [2019]). The court also had the opportunity to evaluate the results of the court-ordered investigation and consider the children's positions. In addition, the court had two years' worth of visitation reports from the supervising agencies, which showed steady progress in the relationship between the father and the children, despite the mother's hostility towards him and failure to produce the children for multiple visits (see Myles, 93 AD3d at 475). These reports, as well as the mother's own [*2]statements in court, support the court's determination that the children's resistance to visits was largely due to the friction between the parents, particularly on the mother's part, and therefore, ordering unsupervised visitation was not inconsistent with the best interests of the children (see e.g. Matter of Khan-Soleil v Rashad, 111 AD3d 728 [2d Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 1, 2025